IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00236-01,03-CR-W-DGK |
| ) | |
| DEREK A. WILLIAMS, and ) | |
| JASON E. SPARKS, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Sparks' Motion to Dismiss Indictment, or in the Alternative, Motion for Bill of Particulars (doc #61) in which defendant Sparks argues that the indictment fails to give adequate notice of the charges against him; and defendant Derek Williams' Motion to Dismiss (doc #108) in which defendant Williams argues that the drug analogue statue is unconstitutionally void for vagueness in violation of the Fifth Amendment. For the reasons set forth below, it is recommended that these motions be denied.

I. INTRODUCTION

On June 20, 2013, defendant Derek A. Williams and Jason E. Sparks, along with Ashli Adkins, Charidy Blankenship[1] and Daniel R. Williams,[2] were charged in a forty-three count Indictment. On February 4, 2016, the Grand Jury returned a forty-six count Superseding Indictment against defendants Derek A. Williams, Ashli Adkins, Jason E. Sparks and Daniel R. Williams. Defendant Derek Williams is charged in Counts One through Forty-Four. Defendant

---

[1] Defendant Blankenship entered a guilty plea on July 2, 2015.
[2] Defendant Daniel Williams has a change of plea hearing scheduled for July 8, 2016.

Sparks is charged in Counts One through Forty-Two. In Count One, all defendants are charged with conspiracy to commit mail fraud. In Counts Two and Three, all defendants are charged with conspiracy to distribute controlled substance analogues, specifically JWH-203, JWH-250, JWH-210, AM-694, AM-2201, JWH-122, UR-144, XLR-11, JWH-081 and JWH-019 (Count Two) and XLR-11 and UR-144 (Count Three). In Count Four, all defendants are charged with conspiracy to import controlled substance analogues, specifically JWH-210, AM-2201, JWH-122, JWH-081 and JWH-019. In Counts Five through Ten, all defendants are charged with distribution of controlled substance analogues, specifically JWH-250, JWH-210, AM-694 and AM-2201 (Count Five) and XLR-11 (Count Six through Ten). In Count Eleven, all defendants are charged with conspiracy to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce. In Counts Twelve and Thirteen, all defendants are charged with conspiracy to commit money laundering. In Counts Fourteen through Forty-Two, defendants Derek A. Williams, Ashli Adkins and Jason E. Sparks are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. In Counts Forty-Three and Forty-Four, defendants Derek A. Williams, Ashli Adkins and Daniel R. Williams are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. Counts Forty-Five and Forty-Six charge only defendant Daniel R. Williams.

## II. DISCUSSION

### A. Standard of Review

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation …." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment ... must be a plain, concise, and definite written

2

statement of the essential facts constituting the offense charged …." The Eighth Circuit has set forth the following standard of review regarding a motion to dismiss based upon the sufficiency of an indictment:

> An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."

United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008)(quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002)). The sufficiency of an indictment is determined from its face. There is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. See United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). An indictment is normally sufficient if its language tracks the statutory language. See Hamling v. United States, 418 U.S. 87, 117 (1974).

    B.    The Analogue Statute

As set forth in 21 U.S.C. § 813, "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." The term "controlled substance analogue" is defined as follows:

> … the term "controlled substance analogue" means a substance—
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II; [and][3]
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant,

---

[3] See United States v. Washam, 312 F.3d 926, 932 (8th Cir. 2002); United States v. McKinney, 79 F.3d 105, 107-08 (8th Cir. 1996), vacated on unrelated grounds, 520 U.S. 1226 (1997).

3

depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

"The elements of a violation of the Analogue Act are: (1) the alleged analogue and a controlled substance have substantial chemical similarity, (2) actual, intended, or claimed physiological similarity between the alleged analogue and the controlled substance, and (3) intent that the alleged analogue be consumed by humans." Newbold v. United States, Nos. 1:08CV698, 1:05CR262-1, 2009 WL 2243642, at *11 (M.D. N.C. July 27, 2009)(citing United States v. Klecker, 348 F.3d 69, 71 (4th Cir. 2003)). Further, in prosecutions involving analogues, the government must prove that a defendant knew that the substance with which he was dealing was a controlled substance analogue, that is he knew that the substance was treated as an analogue (even if he did not know its particular identity) or that its physical properties were substantially similar to a scheduled controlled substance (even if he did not know its legal status as an analogue). See McFadden v. United States, 135 S.Ct. 2298, 2305 (2015); United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013); United States v. Awad, Crim No. 15-78 (SRN/BRT), 2016 WL 492146, *2 (D. Minn. Jan. 19, 2016).

In United States v. McKinney, 79 F.3d 105 (8th Cir. 1996), vacated on unrelated grounds, 520 U.S. 1226 (1997), the Eighth Circuit Court of Appeals explained the purpose of the analogue statute:

> Because manufacturers of illegal drugs have become adept at tinkering with the molecular structure of controlled substances while retaining the effects that those substances produce, the analogue statute is aimed at prohibiting

4

innovative drugs before they are specifically listed in the schedules as controlled substances.

79 F.3d at 107.

### C. Indictment Provides Sufficient Notice of Charges

Defendant Sparks argues that the Court should dismiss the counts pertaining to analogue controlled substances because the indictment fails to provide sufficient notice of the nature of the charges.[4] Specifically, defendant argues:

> The indictment claims that twelve substances, listed as JWH-018, JWH-019, JWH-081, JWH-122, JWH-203, JWH-210, JWH- 250, AM- 694, AM- 2201, 4MEC, UR-144, and XLR-11 were controlled substance analogues.[5] The indictment does not provide to Defendant any notice as to which of literally hundreds of "controlled substances" any of these substances are claimed to be analogues of.

(Doc #61 at 2)

The superseding indictment alleges that JWH-203, JWH-250, JWH-210, AM-694, AM-2201, JWH-122, UR-144, XLR-11, JWH-081 and JWH-019 are controlled substance analogues as defined in 21 U.S.C. § 802(32)(A). Defendant Sparks has provided no case law to suggest that charges setting forth the specific controlled substance analogues (without specifying the controlled substances of which they are alleged to be analogues) are insufficient. The government, however, has provided case law to support the sufficiency of the indictment in such a situation. See Newbold v. United States, Nos. 1:08CV698, 1:05CR262-1, 2009 WL 2243642,

---

[4]In the alternative, defendant Sparks requests that the government be required "to issue a bill of particulars identifying, with particularity, which of the existing controlled substance(s), have an analogue relationship with the substances alleged in the indictment." (Doc #61 at 4) The government responds that the controlled substance group to which the named substances belong has been repeatedly provided to defendants in discovery. (Doc #74 at 6) Defendant Sparks did not file a reply to the government's response. Given the government's representation that the information sought through a bill of particulars already has been provided to defendants in discovery, the request for a bill of particulars should be deemed moot.

[5]JWH-018 and 4MEC were listed as controlled substance analogues in the original indictment, but not in the superseding indictment.

5

at *11 (M.D. N.C. July 27, 2009)(indictment not defective for failing to state what Schedule I substance named substance is associated with as an analogue). Whether JWH-203, JWH-250, JWH-210, AM-694, AM-2201, JWH-122, UR-144, XLR-11, JWH-081 and JWH-019 actually are controlled substance analogues is a question of fact that must be assumed as true for purposes of a motion to dismiss and left to the jury to determine at trial on the merits. See United States v. Reece, Criminal No. 12-00146, 2013 WL 5234227, at *4 (W.D. La. Sept. 13, 2013). See also United States v. Johnson, No. 2:13-cr-00395-GMN-GWF, 2014 WL 7330936, at *3 (D. Nev. Dec. 19, 2014)("whether the substances listed in the indictment qualify as controlled substance analogues are questions of fact for a jury to resolve"). Defendant Sparks' argument for dismissal must fail.

D. "Substantially Similar" Term Does Not Make Statute Unconstitutionally Vague

Defendant Derek Williams argues that all counts of the indictment should be dismissed because the drug analogue statute is unconstitutionally void for vagueness because of the use of the words "substantially similar." (Doc #108 at 2-3) According to defendant, the term "substantially similar" does not provide adequate notice as to what conduct is criminal, nor does it provide enough guidance to prevent arbitrary enforcement. (Id. at 3-4)

The argument that the term "substantially similar" renders the drug analogue statute unconstitutionally vague was recently rejected in United States v. Franklin, No. 12-03085-01/10-CR-S-MDH, 2014 WL 1953077 (W.D. Mo. May 15, 2014). The court found:

> Defendants' assertion that the term "substantially similar" is so vague that it renders the Analogue Act statute unconstitutionally vague is not persuasive. When considering whether the Analogue Act is impermissibly vague, the Court looks to the legal definition of a statutory term, not the scientific definition. See United States v. Brown, 279 F.Supp.2d 1238, 1240 (S.D. Ala. 2003)("Since the Analogue Act does not indicate that the term 'substantially similar' is to be defined as it is used scientifically, the court will interpret those words as they are used in everyday language.") In other words, the Court looks to the words and

determines if someone of common intelligence would be able to understand what conduct has been prohibited.

The Eighth Circuit has rejected the argument that the phrase "substantially similar" renders the Analogue Act void for vagueness. See McKinney, 79 F.3d at 107. In McKinney, the Eighth Circuit explained that "[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave defendant adequate warning that his conduct was a criminal offense" and that "the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." McKinney, 79 F.3d at 108 (internal quotations omitted). Courts have emphasized that numerous other considerations can be taken into account in determining substantial similarity of substances, including the "effects on the human body." See [United States v.] Washam, 312 F.3d [926] at 932 [(8th Cir. 2002)]; Brown, 279 F.Supp.2d at 1243 ("[E]ffects on the human body under the second part of the statute may be considered when determining substantial similarity of chemical structure under the first part of the statute.")

Further, the Eighth Circuit held in Sullivan that one of the elements the Government is required to prove at trial is that the defendant "knew he was in possession of a controlled substance analogue." Sullivan, 714 F.3d at 1107. …

Here, if defendants assert at trial that they had no knowledge of the "substantially similar" quality of the substance, they will have the opportunity to present any evidence they have to demonstrate their lack of knowledge and to convince the jury that they did not know they were in possession of a controlled substance analogue. Sullivan, 714 F.3d at 1107.

Franklin, 2014 WL 1953077, at *7-8. See also United States v. Klecker, 348 F.3d 69, 71-72 (4th Cir. 2003)(denying defendant's argument that phrase "substantially similar" made Analogue Act unconstitutionally vague).

In United States v. Washam, 312 F.3d 926 (8th Cir. 2002), the Eighth Circuit Court of Appeals found that the drug analogue statute does not lend itself to arbitrary enforcement. The court found:

The statute does not allow for arbitrary enforcement because the statute itself requires a two-step inquiry before law enforcement may extend its application to a new chemical. The first step in the statute is to determine whether a chemical is substantially similar in chemical structure to a listed chemical. 21 U.S.C. § 802(32)(A)(i). Beyond this inquiry is the requirement that the chemical either has the same effect as the listed chemical on the human body, or it is intended to have

7

> such an effect. Id. § 802(32)(A)(ii), (iii). … [T]he statute is narrowly drawn to proscribe only those chemicals which are dangerous and intended to be used in an illegal manner.

Washam 312 F.3d at 932. See also United States v. Klecker, 348 F.3d 69, 71 (4th Cir. 2003) ("The requirement of preventing arbitrary enforcement is easily satisfied here. … The intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement.")

The Court agrees with the analysis set forth in Franklin and Washam. Thus, defendant Derek Williams' argument for dismissal must fail.

### III. CONCLUSION

The superseding indictment tracks the statutory language of the offenses charged, fairly informs the defendants of the charges against which they must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. The charges in the superseding indictment are sufficient and defendants' motions to dismiss should be denied. Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying in part and deeming moot in part defendant Jason Sparks' Motion to Dismiss Indictment or in the Alternative Motion for Bill of Particulars (doc #61). The portion of the motion seeking a dismissal of the indictment should be denied. The portion of the motion seeking a bill of particulars should be deemed moot. It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Derek Williams' Motion to Dismiss (doc #108).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE