**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK WILLIAMS, et al.,<br><br>Defendant. | Case No. 13-00236-01-CR-W-DGK |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ADVICE OF COUNSEL, MISTAKE OF LAW, AND MISTAKE OF FACT DEFENSES**

The United States of America, through Thomas M. Larson, Acting United States Attorney, Catherine Connelly, Assistant United States Attorney, hereby submits the Motion in Limine to Preclude Certain Defenses, including Advice of Counsel, Mistake of Law, and Mistake of Fact Defenses. For the reasons set forth below, the defendants should be prohibited from offering any evidence or making arguments related to the defendants' belief that their conduct was lawful.

## I. INTRODUCTION

On February 4, 2016, the Grand Jury returned a superseding indictment, charging the defendants with a number of criminal offenses relating to the manufacture and distribution of several analogue substances that were synthetic cannabinoids designed for human consumption. (Doc. 92). During the course of the investigation and these criminal proceedings, it has become apparent that the defendants intend to claim that they did not know that the controlled substances that they were manufacturing and distributing were illegal and will attempt to negate their lack of knowledge by raising the advice of counsel, ignorance or mistake of law, and mistake of fact defenses. Even though these defenses are contrary to the evidence, the Government anticipates

that the defendants will attempt to offer evidence or make arguments to support the reliance of these defenses in this case. These defenses are not allowed for the criminal conduct that the Government intends to proceed on at trial and thus the court should exclude any argument or testimony that attempts to establish the defendants did not specifically know their actions violated the law.

## II. ADVICE OF COUNSEL

The advice-of-counsel defense is not legally cognizable in this case. Consequently, the jury instruction should not be given nor should the defendants be allowed to present evidence or make arguments that support the defense during any part of the trial. The advice-of-counsel defense only applies to offenses that contain an element of specific intent or willfulness. *United States v. Powell*, 513 F. 2d 1249, 1251 (8th Cir. 1975). Thus, when a criminal statute does not include the element of "willfulness," that is, a specific intent to violate the law, the defense is not available. *Id*. "An act is done 'willfully' if done voluntarily and intentionally with the purpose of violating a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Jerde*, 841 F.2d 818, 821 (8th Cir. 1988). Willfulness is generally only associated with criminal statutes that include tax evasion, odometer fraud, health care fraud, securities fraud, and failure to pay child support.[1] [2] [3] [4] [5] In fact, the Eighth Circuit's model jury instruction on "willfully" is not

[1] *Cheek v. United States*, 498 U.S. 192 (1991) ("willful" in a tax evasion prosecution means that the defendant knew he had a duty to pay the tax and that he "voluntarily and intentionally" did not pay the tax).

[2] *United States v. Studna*, 713 F.2d 416, 418 (8th Cir. 1983) (odometer fraud).

[3] *United States v. Jarin*, 93 F.3d 436, 441 (8th Cir. 1996) (the holding was in reference to 42 U.S.C. § 1320a-7b, the health care anti-kickback statute).

[4] *United States v. O'Hagan*, 521 U.S. 642, 664 (8th Cir. 1997) (securities fraud).

[5] *Unites States v. Williams*, 121 F.3d 615, 620-21 (11th Cir. 1997) (failure to pay child support).

recommended except in cases where those enumerated offenses are charged. *Model Crim. Jury Instr. 8th Cir. 7.02.*

**A. <u>Controlled Substance Analogue Enforcement Act (Analogue Act)</u>**

In this case, none of the charged offenses that the Government intends to proceed with at trial contain the element of willfulness or require proof of a specific intent to violate the law. The defendants are charged in nine separate counts with violating provisions of the Controlled Substance Analogue Enforcement Act (Analogue Act), which does not require a specific intent to violate the law. *United States v. Carlson*, 810 F.3d 544, 550 (8th Cir. 2016) (reflecting that the appropriate *mens rea* for an Analogue Act offense is "knowingly"). The Analogue Act is a progeny of the Controlled Substance Act (CSA) and thus contains the same scienter requirement as the CSA. *McFadden v. United States*, 135 S.Ct. 2298, 2303-2305 (2015). The CSA makes it unlawful to knowingly and intentionally manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841. The knowledge requirement of the CSA can be satisfied by showing that the defendant knew he possessed a scheduled substance, even if he did not know which specific substance he possessed. *McFadden*, 135 S.Ct. at 2304. For an example, a defendant distributed a white powder as a part of a drug organization and knew the powder was a controlled substance, but did not know the specific contents of the powder. *Id*. Alternatively, the knowledge requirement may also be met by showing the defendant knew the identity of the substance that he possessed, but did not realize that it was a scheduled substance. *Id*. For example, a defendant knew he possessed heroin, but did not know the heroin was a scheduled substance. *Id*. The same is true with respect to analogues. The Analogue Act mandates that a controlled substance analogue that is intended for human consumption be treated as a schedule I controlled substance. 21 U.S.C. § 813. Because analogues are treated as controlled substances, "the Government must prove that

a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue." *McFadden*, 135 S.Ct. at 2305.

The Government must prove that a defendant knowingly distributed a controlled substance analogue in one of two ways. *Id*. First, the Government may prove that the defendant knew that the substance he was dealing with was some type of a controlled substance because it was listed on the federal drug schedule or because it was treated as such by operation of the Analogue Act regardless of whether the defendant knew the particular identity of the substance. *Id*. Second, the Government may demonstrate the defendant's knowledge by establishing that he knew that analogue substance had a chemical structure that was substantially similar to a controlled substance, and had similar stimulant, depressant, or hallucinogenic effects to that of a controlled substance. *Id*. "A defendant who possesses a substance with knowledge of those features knows all of the facts that makes his conduct illegal, just as a defendant who knows he possesses heroin knows all of the facts that make his conduct illegal." *Id*.

The Analogue Act, like the CSA, is concerned with the defendant's factual knowledge of the substance and does not mandate the defendant knew of its legal status. "A defendant need not know of the existence of the Analogue Act to know that he was dealing with 'a controlled substance.'" *Id*. Because the Analogue Act does not create a specific intent to violate the law, the defendants cannot rely on an advice of counsel defense for those offenses.

**B. Food, Drug, and Cosmetic Act (FDCA)**

The defendants are also charged with misbranding a controlled substance in violation of a provision of the Food, Drug, and Cosmetic Act (FDCA), namely the misbranding of a controlled substance. The defendants are charged with violating three specific provisions of the FDCA that include "the introduction or delivery of introduction into interstate commerce of any food, drug …

that is adulterated or misbranded[,]" "the receipt in interstate commerce of any food, drug … that is adulterated or misbranded, and the delivery or proffered delivery thereof for pay[,]" and "the alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, food, drug … if such act is done whole such article is held for sale … after shipment in interstate commerce and results in such article being adulterated or misbranded." 21 U.S.C. § 331(a), (c), and (k).

These offenses can be classified as a felony or misdemeanor according to the FDCA's penalty statute. 21 U.S.C. § 333(a). The primary distinction between the two classifications is that to convict a defendant of a felony under the FDCA, the Government must prove that the defendant committed the violation with an "intent to defraud or mislead." 21 U.S.C. § 333(a)(2). Defendants need only have knowledge of the essential nature of the alleged fraud and that the products they sold were misbranded drugs. *United States v. Hiland*, 909 F.2d 1114, 1129 (8th Cir. 1990). Defendants are not required to be familiar with the misbranding law or with the statutory definition of misbranding to be convicted under the statutory scheme. *Id. at* 1129 & n.21 (the court rejected the defendant's suggestion that the FDCA requires knowledge of illegality because there is nothing in the specific statute, or anywhere else in the act, that specific intent is indicated as the requisite *mens rea*).

The misbranding offenses can also be prosecuted as a misdemeanor, where neither knowledge nor intent is required to be proved. *Id*. at 1127. Because the lack of *mens rea*, the misdemeanor misbranding is a strict liability offense and the Government only has to prove the defendant had involvement in the commission of the delivering of misbranded drugs after they had been received in interstate commerce. *Carlson*, 810 F.3d at 555. The Government intends to proceed with the misdemeanor misbranding at trial.

Because the FDCA misbranding statutes does not create a specific intent to violate, most specifically in a misdemeanor prosecution of the offense, the defendants cannot rely on the advice of counsel defense for this offense.

**C. <u>Money Laundering</u>**

Lastly, the defendants are charged with two counts of conspiracy to commit money laundering under 18 U.S.C. § 1956(h) and several individual counts of money laundering under 18 U.S.C § 1957(a). To support the individual counts of money laundering, the Government is required to prove that a defendant knowingly engaged in monetary transactions in criminally derived property of a value greater than $10,000. 18 U.S.C § 1957(a). "A conviction under § 1957 requires a showing that: (1) defendant knowingly engaged in a monetary transaction; (2) the defendant knew that the property involved derived from specified unlawful activity; and (3) the property is of a value greater than $10,000." *United States v. Van Brocklin*, 115 F.3d 587, 599 (8th Cir. 1997).

The individual counts of money laundering under § 1957(a) serve as the basis for the conspiracy counts under § 1956(h). *United States v. Huber*, 404 F.3d 1047, 1056 (8th Cir. 2005) ("Section 1956(h) outlaws conspiracies to commit "any offense defined in this section or section 1957.") Thus, the corpus of a money-laundering conspiracy rests on whether certain conduct involving funds constitutes money laundering. *United States v. Huber*, 404 F.3d 1047, 1056 (8th Cir. 2005). To convict a defendant of conspiracy to launder money, the Government must prove that the defendant "knowingly joined a conspiracy to launder money and that one of the conspirators committed an overt act in furtherance of that conspiracy." *United States v. Evans*, 272 F.3d 1069, 1082 (8th Cir. 2001). "At base, there must exist an agreement to achieve an illegal purpose." *Id.* A conspiratorial agreement "need not be formal; a tacit understanding will suffice."

*United States v. Sparks*, 949 F.2d 1023, 1027 (8th Cir.1991). "Moreover, the government may prove the agreement wholly by circumstantial evidence or by inference from the actions of the parties." *Id.* (citations omitted).

The money laundering offenses do not require proof of an intent to violate the law. *United States v. Lalley*, 257 F.3d 751, 755 (8th Cir. 2001). Accordingly, the defendants cannot rely on the advice of counsel defense for this offense.

**D. Defendants Cannot Establish Prerequisites**

Because the offenses that the Government will proceed to trial with lack the *mens rea* of willfulness, the advice of counsel is not legally cognizable. However, assuming *arguendo* that such a defense could legally be presented, the court should hold a hearing outside of the presence of the jury to determine whether the defendants can meet the factual prerequisites of an advice of counsel defense. *Covey v. United States*, 377 F.3d 903, 908-09 (8th Cir. 2004); *United States v. Quinones*, 417 Fed. Appx. 65, 67 (2d Cir. 2011) (defendant not entitled to jury instruction on advice of counsel defense in a controlled substance and money laundering prosecution where defendant did not show required factual predicate for defense). The defendants cannot establish the prerequisites even if the defense was legally applicable.

To raise the advice of counsel defense, a defendant must come forward and independently show that (1) he fully disclosed all materials facts to his attorney before seeking advice; and (2) he actually relied on his counsel's advice in good faith belief that his conduct was legal. *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006); *see also United States v. Petrie*, 302 F.3d 1280, 1287 (11th Cir. 2002) (an evidentiary predicate is needed to demonstrate both elements before defense can be put before a jury); *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000) (requiring full disclosure of all pertinent facts to counsel and good faith reliance on counsel's advice in order to

invoke such reliance as a defense). If a defendant is not able to establish these prerequisite requirements, he is not allowed to raise the defense, nor is he entitled to the instruction. *See, e.g.*, *United States v. Petters*, 663 F.3d 375, 384-85 (8th Cir. 2011).

Merely meeting with an attorney does not meet the prerequisites as "a defendant is not immunized from criminal prosecution merely because he consulted an attorney in connection with a particular transaction." *Rice*, 449 F.3d at 896-97. Additionally, the defense is not available to shield defendants who retain counsel to insure the success of their criminal schemes, rather than to secure legal advice. *United States v. Shewfelt*, 455 F.2d 836, 838 (9th Cir. 1972).

The defendants in this case cannot demonstrate the prerequisite to raise the advice of counsel in this case. First, there is no known evidence that the defendants made full disclosure to an attorney. Second, there is no known evidence that the defendants received specific advice from counsel as to a course of conduct to be followed. Third, there is no known evidence that the defendants relied on such legal advice in good faith. If the defendants were to intend to present this defense, the court must hold a hearing to determine whether they could meet the prerequisites but also to determine whether such evidence is relevant and admissible under Fed. R. Crim. P. 104 and Fed. R. Crim. P. 403.

## III. IGNORANCE OR MISTAKE OF LAW

Ignorance or mistake of law is not legally cognizable in this case. Consequently, the defendants should not be allowed to present evidence or make arguments that support the defense during any part of the trial. It is well established that mistake or ignorance of the law is generally not a defense to criminal liability. *Bryan v. United States*, 524 U.S. 184, 194-96 (1998); *United States v. Cheek*, 498 U.S. 192, 199 (1991).[6] The CSA, and by extension the Analogue Act,

[6] *See, e.g., United States v. Cheek*, 498 U.S. 1992 (1991). The *Cheek* case carved out a narrow exception to this rule for certain types of criminal tax violations, and *Ratzlaf v.*

the FDCA, and money laundering statutes charged in this case do not require that the Government prove that defendants knew of, or intended to violate, those laws when they engaged in their illegal behavior. *See United States v. Quattoum*, 826 F.3d 1062, 1065 (8th Cir. 2016) (CSA); *United States v. Ansaldi*, 372 F.3D 118, 127-28 (2d Cir. 2004) (CSA); *Carlson*, 810 F.3d at 554 (FDCA); *Lally*, 257 F.3d at 755-56 (money laundering).

Because the offenses the Government intends to proceed with at trial are "general intent" crimes and the requisite *mens rea* is knowing, they should not be afforded an exception to the general rule that ignorance of the law is no excuse for criminal conduct. *Carlson*, 810 F. 3d at 554. A defendant's subjective belief about the legality or illegality of the conduct is not relevant under any scienter standard. *Quattoum*, 826 F.3d at 1065. Likewise, courts have routinely held that a defendant's belief that he was acting lawfully or even compliance with state law is irrelevant as to federal criminal liability, specifically in prosecutions involving drug offenses. *See United States v. Rosenthal*, 334 Fed. Appx. 841 (9th Cir. 2009) (unpublished) (excluded evidence that defendant was cultivating marihuana for medical purposes and had good faith, reasonable belief that he was acting reasonably in doing so); *United States v. Stacy*, 734 F. Supp. 2d 1074, 1084 (S.D. Calif. 2010) (a defendant should not be permitted to present a medical marijuana defense that he was cultivating marihuana for medical purposes in compliance with state law and had good faith belief that he was acting lawfully); *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Calif. 2008)(court excluded evidence of reliance on or compliance with state law in a medical marihuana case as aimed towards jury nullification); *see also United States v. Mance*,

---

*United States*, 510 U.S. 135 (1994), similarly carved out a narrow exception this rule for structuring violations. As discussed below, these holdings do not apply to the crimes with which the defendants are charged. *See Bryan v. United States*, 524 U.S. 184, 194-95 (1998) (holding that *Cheek* and *Ratzlaf* involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct).

26 M.J. 244 (C.M.A. 1988) (if a defendant knows the identity of a controlled substance that he possessed, but does not know such possession was illegal, his ignorance of the law is immaterial and no defense). One of the reasons underlying this long standing legal proposition is because a "federal criminal trial is not a forum for a policy debate, especially [one in which involves] the policy underlying the federal criminal drug laws." *United States v. Duval*, 865 F. Supp. 2d 803, 806 (E.D. Mich. 2012).

Here, the United States anticipates that the defendants will attempt to present an "ignorance of the law" defense through evidence that they did not know that they were violating the Analogue Act or FDCA, through evidence that that they were told or subjectively believed their conduct was legal in nature or through evidence that they otherwise complied with state law and did not distribute substances that were scheduled by state authorities. Consequently, in light of the precedent set forth above, the court should enter an order precluding the defendants from presenting an ignorance or mistake of law defense before the jury as it is irrelevant, confusing, and misleading.

## IV. MISTAKE OF FACT

The defendants should also be precluded from presenting a mistake of fact defense. In analogous drug cases, a mistake of fact as to the controlled substance is not a defense to knowing possession. *See, e.g.*, *United States v. Steward*, 16 F.3d 317, 321 n.5 (9th Cir. 1994); *Quintero v. United States*, 33 F.3d 1133, 1136 (9th Cir. 1994) (a defendant need not know the exact nature of the substance with which he was dealing); *United States v. Ramirez-Ramirez*, 875 F.2d 772, 774 (9th Cir. 1989) ("mistake of fact regarding the kind, amount, or location of a controlled substance is not enough to preclude knowledge"). Mistake of fact does not even provide the basis for a legally cognizable defense. For example, in a securities and mail fraud case, where the defendants

lulled investors into a false sense of security, the defendants attempted to offer a mistake of fact defense, claiming they did not know about the company's insolvency. The Eighth Circuit concluded as follows:

> [A]ssuming arguendo that they did lack knowledge of the company's financial condition, the criminal law does not condone ignorance of facts as an excuse for reckless misrepresentations made to induce innocent victims to part with their money when the facts would require some preliminary investigation. It is well established that ignorance of inculpatory facts due to a reckless disregard is no more a defense than ignorance of inculpatory law.

*United States v. Henderson*, 446 F.2d 960, 966 (8th Cir. 1971).

The same situation exists in this case because the evidence will be, for example, that the defendants knew their products were intended for human consumption, knew their products contained specific chemical compounds not listed on the packaging, and knew their products would cause certain effects when consumed. Consequently, it is unlikely the defendants will be able to offer evidence to support a "mistake of fact" defense and should be prohibited from presenting evidence or making arguments that would support such defense.

## IV. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court enter an order precluding certain defenses, evidence, and argument relative to the purported legality of the defendant's conduct.

Respectfully submitted,

Thomas M. Larson
Acting United States Attorney

By *[/s/ Catherine A. Connelly]()*

Catherine A. Connelly
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 20, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Catherine A. Connelly*
Catherine A. Connelly
Assistant United States Attorney