# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:13-cr-00236-SRB |
| | ) | |
| DEREK A. WILLIAMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Government's Motion in Limine to Preclude Defense Expert Testimony on Legal Issues (Doc. #255). The Government seeks to preclude testimony on legal matters offered by two of the Defendants' experts, Dr. Daniel Buffington and Dr. Terry Stouch. The Government claims that these experts improperly testified as to their legal interpretations of the requirements and the language of the Analogue Act during their respective *Daubert* hearings.

Generally, an expert may only testify as to "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). An expert cannot testify to a matter of law amounting to a legal conclusion. *See Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). Because matters of law are reserved for the trial judge, expert testimony on legal matters is inadmissible. *Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).

At a *Daubert* hearing held on August 9, 2016, Dr. Buffington offered his interpretation of the statutory requirements of the Analogue Act, and testified as to his belief that human clinical trials are required to confirm the effects of controlled substance analogues under the Act. During a *Daubert* hearing held on August 26, 2016, Dr. Stouch opined about the perceived vagueness of the "substantially similar" standard set forth by the Act. Both experts made

statements constituting legal conclusions that exceed the scope of permitted, fact-based expert testimony. Accordingly, the motion is **GRANTED**. It is hereby **ORDERED** that Dr. Daniel Buffington and Dr. Terry Stouch are prohibited from offering legal opinions on the language, perceived clarity, and requirements of the Analogue Act at trial.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: July 5, 2017